Tubnet, J.,
delivered The opinion of the Court.
The bill charges that in the spring of 1842 *306 complainant, for himself, Alfred Gardner .and Judge William K. Harris, purchased land warrants to the area of five thousand four hundred and ninety-one acres, to be located in West Tennessee; that complainant and Alfred Gardner furnished each one-fourth of the money, and W. K. Harris one-half, with which to make the purchases, the warrants to be located on the joint account of the three, each to have an interest proportionate to the amount of money advanced by him.
That of these warrants complainant delivered to Harris twelve, embracing three thousand three hundred and twenty-eight acres, which were located by him according to the agreement and in his name alone; the remainder, five in number, were given over to Alfred Gardner, who located in the same way in his name. Copies of these several locations, seventeen in number, are exhibited with the bill.
The bill seeks to have Alfred Gardner and the widow and heirs of Wm. K. Harris declared trustees for his use, to the extent of his interest in the warrants, and to have the land partitioned.
Wm. Harris died in 1858, and this bill was filed in 1859.
The answer of Alfred Gardner admits all the allegations of the bill — that of the widow and heirs of Harris denies upon belief the material allegations; the respondents therein having no knowledge of the matter.
The first question for consideration is the com *307 petency of tbe testimony of Alfred Gardner, a defendant, wbo is introduced by complainant. It is insisted that be is incompetent from interest.
His interest is on botb sides, but more against tbe party introducing Mm. If tbe defendants succeed, he is secured in a title to tbe land embraced by tbe five warrants located by bimself in bis own name, being more than two thousand acres; if tbe complainant succeed, be is entitled to one-fourtb of tbe whole, wbicb is less tban fourteen hundred acres. A witness interested equally on botb sides of a cause is competent for either, but if there is a preponderance bn tbe amount or value of tbe interest on one side, be is disqualified from testifying on that side: 1 Greenl. on Ev., § 420.
Such witness is competent for tbe party against whom his interest inclines.
Under this rule Alfred Gardner is a competent witness for complainant.
It is next insisted for tbe Harris defendants that the .claim of complainant is barred by tbe statute of limitation. Tbe record presents no fact or facts from wbicb tbe statute could have commenced to run; there is no adverse bolding, in fact no possession of any kind by either of the parties or others shown; tbe lands are lying just as at tbe time of location and grant, without disturbance from any quarter, without change in tbe rights of the original locators, and without tbe intervention of tbe rights of third persons.
It is further argued that if tbe statute of limi *308 tations does not apply, tbat still tbe lapse of time, in wbicb complainant lias neglected to assert bis claim, repels bim from court.
’While we admit there has been negligence on tbe part of complainant in not ascertaining and settling bis interest, tbe remark may be applied to all tbe parties, tbat is tbe three originally interested, besides the agreement of tbe parties tbat the locations should be made in tbe names of tbe two for tbe benefit of all, precludes the idea that either should have thought of trouble or difficulty regarding bis title in the absence of hostile claim by tbe nominal grantee. Here we have an express trust, to affect wbicb there must have been an actual adverse holding, with notice to tbe opposite parties in interest.
Applying these principles to tbe facts of the case, it naturally succeeds tbat complainant, Alfred Gardner, and Judge Harris’ widow and heirs are the joint owners of tbe land already mentioned, wbicb will be partitioned under a proper decree for that purpose, one-half to tbe widow and heirs of Harris, and one-fourth each to complainant and Alfred Gardner, according to tbe value of tbe lands, each party having accounted to bim such necessary expenses as be may have incurred in procuring title, paying taxes, clearing incumbrances, etc.
With tbe modifications indicated, tbe decree is affirmed.
Messrs. Stephehs and Welch having filed a petition for re-bearing, and M. H. Cardwell a reply *309 thereto, on tbe 26th day of April, 1871, TueNev, J., delivered the following opinion:
The petition for a re-hearing in this canse is based upon the alleged incompetency of the testimony of Alfred Gardner, it being insisted his interest is not preponderant against the complainant, but that by his answer he has made himself solely interested against the widow and heirs of Harris.
It is virtually admitted, that before the filing of his answer, he would have been a competent witness, but argued that the bill of John A. Gardner, and the answer of Alfred, are substantially an agreement between them to divide the land located in Gardner’s name; that Alfred Gardner was committed by his answer to this division, from which he could not recede; and is interested to make up the loss to himself by getting a decree over against the widow and heirs of Harris.
Now if he (Alfred Gardner) was competent before answering, and the position assumed by the petition is correct, we are unable to see how, when, or in what manner, his competency could at all have been made available.
A suit in chancery was the only means by which the interests of the parties could ever have been reached and settled.
To that suit Alfred Gardner is a necessary and indispensable party; if he had been made a co-complainant with John A., it is well settled he could not have been made a witness for him.
If, then, he had not been made a defendant upon *310 a statement of tbe facts as set forth, in the bill, the bill would have been demurrable for want of proper parties — and the complainant would have been forced to amend by making him either a complainant or defendant. So that, under the rule insisted upon by the petition, he is a competent witness so long as there is 'no litigation between the parties, and incompetent where there is.
A principal end of answer upon the oath of a defendant, is to supply proof of . the matters necessary to support the case of the plaintiff, and it is therefore required of the defendants either to admit or deny all the facts set forth in the bill with their attending circumstances, or to deny having any knowledge or any information on the subject, or any recollection of it: Mitford’s Pl., 51.
If the principal end of an answer is to supply proof, then an answer is in one sense and to a limited extent in the nature of a deposition; the party answering is in the same way a witness, especially in cases like this, in which trusts are sought to be declared. This being so, and the party answering being compelled thus to testify against his interest, there can be, as we think, no good reason why the party shall not be further examined in a different mode against that same interest. Taking the whole case made by the bill, and the answer of Alfred Gardner, his evidence, both by answer and deposition, is clearly against his interest.
Looking at the question in the light of the petition, the interest of the witness is paralyzed.
*311 ■ It appears from bis answer, (wbieb is relied on to disqualify him,) that five thousand four hundred and ninety-one acres of land warrants were purchased and located by the three; that Harris was to own one-half, and witness and complainant one-fourth each; that Harris located in his own name, three thousand three hundred and twenty acres, and Alfred, in his name, two thousand one hundred and seventy acres, for the benefit of all. If John A. Gardner had proceeded against Alfred Gardner alone, and had made proof of the agreement between the three, as alleged in his bill, he would have been entitled to recover from Alfred only one-fourth of the land so located in his name, and Alfred having the legal title in himself, could have driven him to his remedy against the Harris locations for the remainder of his interest under the tripartite contract.
He might well have said to him, you have seen proper to proceed against me alone, when your case shows another is also liable to you, and you may only take so much of the land the legal title to which is in me, as, added to your interest in the Harris locations, will give you one-fourth of the whole; to that extent, and no further am I trustee for your use.
I am not responsible for yoiir want of' diligence in prosecuting your claim against Harris, and being invested with the legal title, my condition is the better as between us, the title being already in me there has been no necessity for me .to move in the matter.
*312 Such must have been the decree in this case if there had been no sufficient proof to support the allegations against the widow and heirs of Harris, for the bill charges the contract as to the three locators, and for the entire amount of acres. The answer of Alfred admits it. This answer, when used against him, must be taken as it is written, that complainant is entitled to the one-fourth of the whole amount as alleged in the bill, and as a whole, and not to one-fourth or any other part of the whole, out of a fractional part, especially as the answer is in perfect accord with the allegations of the bill.
This balances the interest of Alfred, and makes him a competent witness. “ Stare, decisis.”